**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FRANCISCA RAMIREZ, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| STELLAR RECOVERY, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Francisca Ramirez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Plaintiff, Francisca Ramirez ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted HSBC Bank Nevada, N.A. consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Stellar Recovery, Inc. ("Stellar") is a Florida corporation with its principal place of business at 4500 Salisbury Rd., Suite 105, Jacksonville, FL 32216. It does or transacts business in Illinois. Its registered agent and office are Business Filings Incorporated, 600 S. Second St., Suite 103, Springfield, IL 62704. (See Exhibit A, Record from Illinois Secretary of State)

5. Defendant Stellar is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant Stellar holds a collection agency license from the State of Illinois. (See Exhibit B, Record from Illinois Department of Financial and Professional Regulation).

7. Defendant Stellar is a debt scavenger that buys large portfolios of defaulted consumer debts for pennies on the dollar, and then attempts to collect the full alleged amount through its own debt collection activities, as well as through other debt collectors.

8. Defendant Stellar is a "debt collector" as defined in 15 U.S.C § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

9. Plaintiff incurred a debt for goods and services used for personal, household or family purposes, originally for an HSBC Bank Nevada, N.A. consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

10. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

11. Stellar purportedly purchased the alleged debt sometime thereafter.

12. Stellar subsequently retained or hired the Law Office of Blitt & Gaines, P.C. ("Blitt"), to attempt to collect the alleged debt from Plaintiff. Upon information and belief, Blitt

was at all times authorized to act on behalf of Stellar to attempt to collect the alleged debt from Plaintiff.

13. On or about November 12, 2013, Blitt filed a complaint on behalf of Stellar against Plaintiff to collect the alleged debt, which complaint was filed in the Circuit Court of Cook County, First Municipal District, and styled *Stellar Recovery, Inc. vs. Francisca Ramirez*, Case No. 13-M1-155075 ("State Action"). (Exhibit C, Small Claims Complaint).

14. On or about February 27, 2014, the Circuit Court of Cook County entered an ex-parte judgment against Plaintiff in the amount of $4,229.01 with costs assessed. (Exhibit D, Judgment Order).

15. With costs assessed, the amount of the debt was $4,777.99, plus post-judgment statutory interest.

16. On or about June 25, 2014, Stellar communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency, including an account number, the original creditor, and a pay status. (Exhibit E, Excerpt of Plaintiff's TransUnion credit report).

17. Stellar communicated a balance on the alleged debt of $5,305.

18. Stellar attempted to collect an additional $527.01 on the alleged debt over and above the amount reduced to judgment with costs assessed.

19. Stellar had no statutory or contractual right to collect an additional $527.01 on the alleged debt.

20. In fact, Stellar had no contractual or statutory authority to collect any additional interest beyond the post-judgment rate of 9% pursuant to 735 ILCS 5/2-1303.

21. The additional $527.01 Stellar attempted to collect far exceeded the amount of post-judgment statutory interest permitted by state law.

22. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of –**
   **(A) The character, amount, or legal status of any debt. . . .**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

23. Stellar made false representation of the amount of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8) and 1692e(10) when it communicated an inflated balance to the TransUnion consumer reporting agency.

24. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

25. Stellar attempted to collect an amount not authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1) when it attempted to collect an additional $527.01 in interest from Plaintiff when it had no legal right to do so.

26. Communicating credit information to consumer reporting agencies, by a debt collector, constitutes an attempt to collect a debt. See, e.g., *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

27. In response to the State Action, Plaintiff consulted with the attorneys at Debtors Legal Clinic, who on July 9, 2014, sent a letter to Blitt indicating the Plaintiff was represented by an attorney and that she disputed the alleged debt. (Exhibit F, Representation Letter).

28. Blitt received the letter disputing the alleged debt, shortly after it was sent by Plaintiff's attorneys.

29. On or about July 17, 2014, Blitt mailed a letter ("Letter") with a copy of the judgment order to Debtors Legal Clinic. (Exhibit G, Verification Letter).

30. The Letter conveyed various information regarding the alleged debt, including a balance due, and stated that "This is a communication from a debt collector and is an attempt to collect a debt."

31. The Letter was thus a communication as that term is defined by 15 U.S.C. § 1692a(2).

32. The Letter alleged a balance due of "$4,777.99 plus statutory interest".

33. Blitt sent the Letter at the direction of Stellar.

34. Plaintiff had not made any payments toward the alleged debt.

35. Either the amount Stellar communicated to the TransUnion consumer reporting agency on or about June 25, 2014 – that the amount was $5,305 – or the amount Stellar directed Blitt to convey in its letter on or about July 17, 2014 – that the amount was $4,777.99 plus

statutory interest – was incorrect, both amounts cannot both be correct as the balance cannot *decrease* without any payments.

36. Plaintiff was confused, and an unsophisticated consumer would be confused, by the varying amounts stated by Defendant as being due from her.

37. Stellar is liable for the acts and omission of Blitt committed in connection with efforts to collect the alleged debt from Plaintiff. (See *Fox v. Citicorp Credit Services, Inc*., 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P*., 225 F.3d 379 (3rd Cir. 2000)).

38. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff re-alleges paragraphs 1-38 as if set forth fully in this count.

40. Stellar made false representation of the amount of the alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10) when it communicated an inflated balance to the TransUnion consumer reporting agency.

41. Stellar communicated false credit information in violation of 15 U.S.C. §§ 1692e and 1692e(8) when it communicated a balance that it knew or should have known to be false, to the TransUnion consumer reporting agency.

42. Stellar attempted to collect an amount not permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1) when it attempted to collect an additional $527.01 without any statutory or contractual authority to do so.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in her favor and against Defendant for the count alleged above for:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

### **JURY DEMAND**

Plaintiff demands trial by jury.

By:    /s/ Bryan Paul Thompson

Bryan Paul Thompson
The Thompson Firm, P.C.
One East Wacker Dr., Suite 3650
Chicago, IL 60601
Phone: 312-300-4167
Fax: 312-340-5712
bryan@bryanthompsonlaw.com